Day, J.
The controversy in the case relates to the priorities of the parties in the distribution to be made of one *620 share of a fund arising from, the sale of land in a proceeding for partition.
The claims of two of the parties are based on assignments or purchases of portions of the share from the owner thereof, and the claim of the other parties is founded on a judgment lien and levy of execution on the land from which the share of the fund in dispute was derived; also, ■on a cross-petition to subject the debtor’s interest in such ■share to the payment of the judgment.
But' the assignments and all the liens were obtained during the pendency of the suit in partition, and not until .after an order for the sale of the land had been made in the case. It is true the land was, in fact, sold, as claimed in argument, pursuant to an order subsequently made; but 'the former order was not vacated, and the latter order was but the result of a re-appraisement, rendered necessary for "the reason that the land could not be sold at the price required under the former appraisement. But it would probably make no difference whether the liens claimed were lixed before or after the order of sale was entered where the ease results in a sale of the land, if the liens were obtained pendente lite; for, in either case, the sale would be an incident to and result from the case in partition, and the purchaser would take a title clear of incumbrance by either the assignments or judgment lien. Cradlebaugh v. Pritchett, 8 Ohio St. 646. Therefore, whatever rights were procured by the assignments and judgment, they were all subordinate to the proceedings in partition, and a sale of the land could neither be prevented, delayed, nor affected thereby.
The assignments only purported to convey specified sums •of the proceeds of the contemplated sale, therefore the purchasers, at most, held merely an equity in the land to the extent of their respective claims; and, since the judgment .and execution could not hold the undivided interest of the debtor in the premises as land, it follows that the judgment creditor acquired thereby merely the right to have the proceeds of the sale belonging to the debtor appropriated to the *621 payment of the judgment. Nor could this be effected by the judgment lien or levy of execution alone, for they had been lost by the sale under the paramount proceedings in partition. The avails of the sale could not be secured for the payment of the judgment but by the proper application to the court for that purpose, and this might be attained by the cross-petition.
It results that the available interests of all the parties-were in one share of the money to be aparted to one of the-parties in the proceedings in partition. From this party all the rights of the others were derived, and each could acquire only the interest existing iu him at the time they obtained their respective rights. The rights of the purchasers-of portions of the money in dispute are, therefore, superior-in.law to those of the judgment creditors which were acquired subsequent to the assignments.
Moreover, since the creditors, by their judgment and levy, did not hold the debtor’s laud, and acquired only the right in equity to have the money appropriated to the-satisfaction of their judgment, and as they have no better eqnity than the assignees, that of the latter being prior in .time must prevail to the extent of their claims.
It appears that a small amount of the money in controversy remained after satisfying the claims of the assignees,, and that this was claimed by the debtor in lieu of the statutory homestead exemption.
Section 8 of the act of April 9, 1869, in relation to homestead exemptions (66 O. L. 50) provides: “ That it shall be lawful for any resident of Ohio, being the head of a family and not the owner of a homestead, to hold exempt from levy and sale, as aforesaid, personal property, to be selected by such person, his agent or attorney, at any time before sale, not exceeding five hundred dollars in value, in addition to 1-he amount of chattel property now by law exempted.”
The exemption here provided for, it will be seen, applies only to personal property. The money to be disposed of by the court was that kind of property. As we have seen,, the creditors acquired no right to hold the land, nor any *622 -right other than that which might be asserted against the money. They had no claim, then, to the money, as against the debtor, superior to that which might be acquired by a direct levy thereon. In that event, it is very clear the debtor might avail himself of the statutory exemption.
In the case before ns, instead of being held by levy, the money was in the control of the court, to be disposed of in .accordance with, the rights of the parties. The right of the debtor to the exemption was no less strong and just because his money was being disposed of under the forms •of equity proceedings, than it would have been if passing from him in accordance with the modes provided by law. We are of opinion that this was a ease where equity might properly follow the law in preserving the rights of the ■debtor. It appears in his application to the court that he not only brought himself within the provisions of the •statute, but showed that tlie balance left after paying his assignees, together with all his other personal property, was less than the amount allowed by the statute to a debtor in lieu of a homestead.
On the whole record, we do not discover any error in the ■action of. the court below: the motion for'leave to file a petition in error must therefore be overruled.